
# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS C. DOMINGO,<br><br>            Plaintiff,<br><br>      v.<br><br>MANAGEMENT & TRAINING CORPORATION,<br><br>            Defendants. | Case No.: 1:15-cv-00284 AWI JLT<br><br>ORDER DENYING STIPULATION TO STAY THE ACTION WITHOUT PREJUDICE<br><br>(Doc. 15) |

In <u>Edison v. United States of America, et al.</u>, Case No. 1:12-cv-02026-AWI-JLT and <u>Nuwintore v. United States of America, et al.</u>, Case No. 1:13-cv- 00967-AWI-JLT, both plaintiffs have appealed the Court's determination that the United States of America is not liable. The remaining portion of these cases, against Management & Training Corporation, has been stayed pending the outcome of the appeal. As Mr. Domingo does, the <u>Edison</u> and <u>Nuwintore</u> plaintiffs claim they contracted Valley Fever while housed at Taft Correctional Institution which is a privately run, though government owned, federal prison.

Now before the Court is the stipulation of the parties seeking to stay this action while the appeals in <u>Edison</u> and <u>Nuwintore</u> are decided. (Doc. 15)

**I.      The stipulation fails to demonstrate that a stay is necessary**

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket

1

with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55.  In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

      Here, the Court finds no inequity if the matter is not stayed.  Mr. Domingo's complaint does not name the United States of America. (Doc. 1)  This is likely due to the fact that Plaintiff delayed until February 2015 to file his FTCA claim—the very day this action was filed—and the claim has not yet been decided.  (Doc. 17 at 2)  In any event, at this time, there is no reason to believe that the outcome of the Edison and/or Nuwintore appeals will have or can have any impact on the outcome of this case.   Consequently, the Court cannot find that the case would be simplified or that judicial resources would be preserved if the matter was stayed.  Therefore, the Court will **DENY** the stipulation (Doc. 15) **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

   Dated:   **June 18, 2015**                                  **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE