# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS C. DOMINGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MANAGEMENT & TRAINING CORPORATION,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00284 AWI JLT<br><br>ORDER REQUIRING DEFENDANT TO FILE OPPOSITION OR NONOPPOSITION TO REQUEST TO AMEND THE CASE SCHEDULE<br><br>(Doc. 20) |

　　　　On June 8, 2015, the Court held the scheduling conference in this matter. (Doc. 14) Plaintiff and his counsel failed to appear at the hearing. (Doc. 13; Doc. 14 at 1) However, in advance of the hearing, counsel for the parties submitted a joint scheduling report (Doc. 12) and the Court relied upon the report to devise the case schedule. Notably, the joint report failed to propose a deadline by which the parties could seek to amend their pleadings. (Doc. 12) Likewise, nowhere in the report did Plaintiff indicate any desire to name the United States of America as a defendant or provide any information indicating he had begun the claims-filing process required by the Federal Tort Claims Act. Id.

　　　　Nevertheless, three days later, counsel filed a stipulation to stay the case. (Doc. 15) The stipulation indicated that one day *after* the scheduling conference, "the Parties discussed the potential liability of third parties, including that of the United States of America." Id. at 2. The parties indicated they wished to await the determination of the Ninth Circuit on cases raising the

issue of the liability of the U.S.A. on facts similar to those raised in this matter.  Id. However, because there was no indication that Plaintiff had filed a federal tort claim or, if he had, the status of the claim, the Court ordered Plaintiff to clarify this issue.  (Doc. 16)  In response, Plaintiff provided a copy of the claim and indicated his attorney had mailed it on February 19, 2015 and he was awaiting a response.  Id. at 2.  Failing agency action, Plaintiff anticipated that the claim would be deemed denied on August 18, 2015.  Id.

Now before the Court is Plaintiff's ex parte application to amend the case schedule to extend the deadline by which he may file a motion to amend his complaint.  (Doc. 20)  Plaintiff notes that he was told by the USA that the claim was received on March 3, 2015 and that exhaustion of the administrative remedies would not be completed until September 2, 2015.  (Doc. 20-1 at 2.)  Despite having this information for about 45 days—while knowing the pleading amendment deadline is August 31, 2015—only now has Plaintiff taken action.

In doing so, Plaintiff urges the Court to decide the request ex parte. (Doc. 20 at 2.)  He claims "insufficient time exists to bring a regularly notice motion" and observes that "Defendant will not be prejudiced by the requested relief, which will not alter the trial schedule in this action."  Id.  Exactly why Plaintiff believes there is insufficient time to file a properly noticed motion is not explained. Indeed, the case schedule allows the parties to file non-dispositive motions until April 8, 2016. (Doc. 14 at 4)

The Court surmises that Plaintiff's concern is that a motion to amend the case schedule to allow an amended pleading would lack good cause given *he had to have known* he would not be prepared to file his motion to amend the complaint until mid-September.[1]  (U.S.C. § 2675(a) ["The failure of an agency to make final disposition of a claim within six months after it is **filed** shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."] emphasis added.)  Nevertheless, though the Court will consider the request without a

---

[1] The Court is at a loss to understand Plaintiff's actions in this case.  Despite having been fully aware he intended to pursue the USA as a defendant in this case—given his FTCA claim filed in March 2015—he failed to provide the Court any information about this intention in the joint report and, perhaps more perplexing—failed to attend the scheduling conference where the issue could have been discussed.  The current situation is one of Plaintiff's own making and it is inexplicable that he believes this Court—which carries one of the highest caseloads in the entire federal system—has time to drop everything to save him from his own petard.

2

formal motion, the Court declines to do so ex parte.  Thus, the Court **ORDERS**:

    1.    **No later than August 26, 2015**, Plaintiff **SHALL** serve Defendant a copy of his ex parte request and file proof of service;

    2.    **No later than September 4, 2015**, Defendant **SHALL** file an opposition or notice of non-opposition to the request to amend the case schedule.

IT IS SO ORDERED.

Dated:   **August 24, 2015**                             **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE